UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| NIYA MARTIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>- against -<br><br>SCHWAN'S CONSUMER BRANDS, INC.,<br><br>Defendant | 4:22-cv-00469<br><br><br><br>Class Action Complaint<br><br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Schwan's Consumer Brands, Inc. ("Defendant") manufactures, markets, and sells key lime and strawberry crème frozen under the Edwards brand ("Product").




**I.    CONSUMERS VALUE FOODS WITHOUT PRESERVATIVES**

2. Market research firm Mintel has shown that 84 percent of Americans buy foods with "free from" claims, because they are seeking foods that are more natural and less processed.

3. Over forty percent of consumers believe foods with "free from" claims are healthier and safer than foods without such a claim.

4. Representing a product as not having preservatives is valued by over seventy percent of consumers.

5. According to a 2015 Nielsen survey, almost ninety percent of Americans are willing to pay more for healthier foods, understood as being made without additives such as preservatives.

6. Consumers believe that products without preservatives are healthier and fresher than those with additives like preservatives.

**II.    PRESERVATIVES IN FROZEN AND CREAM-BASED FOODS**

7. Even where foods are frozen, preservatives are still often necessary.

8. Citric acid is often used with sodium citrate, one of its sodium salts.

9. Gos International, a leading market research firm, confirmed that preservatives like "Citric acid play[s] a vital role in the stability of frozen food."

10. Where frozen foods are based on cream and dairy ingredients, like the Product, it is especially important to ensure microbiological stability through their consumption.

11. The reasons include a relatively high moisture content, which makes them more prone to the growth of bacteria and other microbes.

12. Cream-based pies can be considered high-risk because they provide an ideal growth medium for bacterial pathogens.

13. This can be exacerbated if the final product or its constituents is subject to time-

temperature abuse, such as thawing, freezing, and held for extended periods at refrigeration or room temperature.

14. The use of citric acid and sodium citrate in dairy-based frozen foods like the Product serves multiple functions to optimize their stability.[1]

15. First, citric acid and sodium citrate are acidulants, increasing the acidity of the Product by lowering the pH level.

16. These ingredients protect dairy-based foods against spoilage and growth of pathogenic organisms, according to a senior scientist with Chr. Hansen Inc., a Danish dairy conglomerate with locations in the United States.

17. This is because "As the pH of the product drops, the ability of spoilage and pathogenic organisms to grow and produce toxins decreases."

18. Second, though citric acid and sodium citrate are acidulants, they also act as buffers by providing control of pH through shelf-life.

19. Third, citric acid and sodium citrate function as antimicrobial agents by limiting growth and toxin production of molds and bacteria.

20. Fourth, citric acid and sodium citrate are antioxidant additives, which prevent oxidation and keep the Product from spoiling prematurely.

21. Fifth, citric acid and sodium citrate prevent discoloration, which allows the Product to maintain a natural color longer.

---

[1] Kirk-Othmer Food and Feed Technology. Laszlo P. Somogyi, "Direct Food Additives in Fruit Processing," in Processing Fruits: Science and Technology, Second Edition, Diane M. Barrett, Laszlo Somogyi, and Hosahalli S. Ramaswamy, eds.

### III. "NO PRESERVATIVES" MISLEADING BECAUSE THE PRODUCT CONTAINS PRESERVATIVES

22. The representation that the Products contain "No Preservatives" is false and misleading because their ingredient lists reveal sodium citrate and citric acid (strawberry crème).

**INGREDIENTS:** REDUCED FAT SWEETENED CONDENSED MILK (MILK, SKIM MILK, SUGAR, VITAMIN A PALMITATE), ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), SUGAR, HYDROGENATED PALM KERNEL OIL, KEY WEST LIME JUICE (WATER, LIME JUICE CONCENTRATE, LIME OIL), SHORTENING (PALM OIL AND SOYBEAN OIL), EGG YOLK, CORN SYRUP, WATER, CONTAINS 2% OR LESS: NATURAL FLAVOR, DEXTROSE, MODIFIED FOOD STARCH, POLYSORBATE 60, BAKING SODA, SALT, CARBOHYDRATE GUM, SOY LECITHIN, POLYGLYCEROL ESTERS OF FATTY ACIDS, ==SODIUM CITRATE==, LEMON JUICE CONCENTRATE, XANTHAN GUM, DISODIUM PHOSPHATE, SODIUM CASEINATE, LEMON PULP, SORBITAN MONOSTEARATE, GUAR GUM, MONO- AND DIGLYCERIDES, LIME OIL, LEMON OIL, COLORED WITH BETA CAROTENE.

**INGREDIENTS:** WATER, REDUCED FAT SWEETENED CONDENSED MILK (MILK, SKIM MILK, SUGAR, VITAMIN A PALMITATE), SUGAR, WHEAT FLOUR, SHORTENING (PALM OIL AND SOYBEAN OIL), HYDROGENATED PALM KERNEL OIL, MILK, STRAWBERRIES, CREAM CHEESE (PASTEURIZED MILK AND CREAM, CHEESE CULTURE), CORN SYRUP, CONTAINS 2% OR LESS OF: SALT, BAKING SODA, NATURAL FLAVORS, MODIFIED FOOD STARCH, STRAWBERRY JUICE CONCENTRATE, DEXTROSE, POLYSORBATE 60, SODIUM CASEINATE, XANTHAN GUM, SOY LECITHIN, ==CITRIC ACID==, CARBOHYDRATE GUM, POLYGLYCEROL ESTERS OF FATTY ACIDS, CHEESE CULTURE, CAROB BEAN GUM, MONO- AND

4

DIGLYCERIDES, SORBITAN MONOSTEARATE, GUAR GUM, SODIUM CITRATE, DISODIUM PHOSPHATE, MALIC ACID, COLORED WITH BETA CAROTENE, VEGETABLE JUICE, AND APOCAROTENAL.

23. Federal and identical state law require that any food containing a chemical preservative that acts a preservative to disclose this fact. 21 U.S.C. § 343(k).

24. Citric acid and sodium citrate are produced synthetically through fermentation of the mycelial fungus Aspergillus niger or Candida spp., then neutralized with sodium hydroxide and crystalized, chemical reactions.

25. Not only do the labels not disclose the presence of these ingredients, they do the opposite by disclaiming the presence of preservatives.

26. Federal and identical state law require the Product to disclose that it contains the chemical preservatives of citric acid and sodium citrate, in a manner that such statements are likely to be read by the ordinary person under customary conditions of purchase and use of the Product. 21 C.F.R. § 101.22(c).

27. By not disclosing the use of chemical preservatives, and further asserting the Product contains "No Preservatives," Defendant misleads reasonable consumers.

28. The FDA informed consumers that if they are looking for foods containing preservatives, they should check to see if the ingredients include citric acid.

29. In 2010, the FDA, relying on 21 C.F.R. § 101.22, warned a company selling pineapple and coconut products which failed to truthfully disclose "they contain[ed] the chemical preservative[s] []citric acid [because] their labels fail[ed] to declare these preservatives with a description of their functions" as preservatives, such as slowing spoilage or promoting color retention.

30. Consumers who view the ingredient list are not told that citric acid and sodium are

chemical preservatives because the ingredient lists fail to designate their function as preservatives as required.

31. As a result of the false and misleading representations, the Product is sold at a premium price, $6.99 for 708 g, or one pie, excluding tax and sales.

## Jurisdiction and Venue

32. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

33. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

34. Plaintiff is a citizen of Florida.

35. Defendant is a citizen of Minnesota.

36. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

37. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here from thousands of stores including grocery stores, big box stores, convenience stores, and over the internet, in the States Plaintiff seeks to represent.

38. Venue is in this District with assignment to the Tallahassee Division because a substantial part of the events or omissions giving rise to these claims occurred in Leon County, including Plaintiff's purchase, reliance on the identified statements, and subsequent awareness they were false and misleading.

## Parties

39. Plaintiff Niya Martin is a citizen of Tallahassee, Leon County, Florida.

40. Defendant Schwan's Consumer Brands, Inc., is a Georgia corporation with a principal place of business in Bloomington, Hennepin County, Minnesota.

41. Defendant manufactures and markets Edwards frozen pies, known for the highest qualities and the finest ingredients.

42. Plaintiff purchased the Product or substantially similar products at stores including but not necessarily limited to Publix, 800 Ocala Rd Tallahassee, Florida 32304 in 2021 and/or 2022, and/or among other times, at or around the above-referenced price.

43. Plaintiff is like many Americans who seeks to avoid foods with preservatives for reasons including health, nutrition and to avoid chemical ingredients.

44. Plaintiff read "No Preservatives" and did not expect the Product to contain ingredients that were preservatives, could be used as preservatives, and were used as preservatives.

45. Plaintiff did not know sodium citrate and citric acid were preservatives and used as preservatives in the Product.

46. Plaintiff paid more for the Product than she would have had she known the representations and omissions were false and misleading, or would not have purchased it.

47. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

48. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance their representations are consistent with their attributes and/or composition.

49. Plaintiff is unable to rely on the labeling of not only this Product, but other similar products which claim not to have preservatives, because she is unsure of whether their representations are truthful.

50. If Defendant's labeling was truthful, she would have more confidence in the labeling

of other products which claim not to have preservatives.

## Class Allegations

51. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Florida Class:** All persons in the State of Florida who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of North Dakota, Wyoming, Idaho, Alaska, Iowa, Mississippi, Arkansas, North Carolina and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

52. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

53. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

54. Plaintiff is an adequate representative because her interests do not conflict with other members.

55. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

56. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

57. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

58. Plaintiff seeks class-wide injunctive relief because the practices continue.

### Florida Deceptive and Unfair Trade Practices Act
("FDUTPA"), Fla. Stat. § 501.201, *et seq.*

59. Plaintiff incorporates by reference all preceding paragraphs.

60. Plaintiff expected the Product would not contain preservatives and/or ingredients which functioned as preservatives.

61. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

62. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

63. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

64. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

### Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

65. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it would not contain preservatives and/or ingredients which functioned as preservatives.

66. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail,

9

product descriptions, and targeted digital advertising.

67. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet their needs and desires, which was the consumption of foods without any preservatives, regardless of the purpose of their use.

68. The representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it would not contain preservatives and/or ingredients which functioned as preservatives.

69. Defendant's representations affirmed and promised that the Product would not contain preservatives and/or ingredients which functioned as preservatives.

70. Defendant described the Product so Plaintiff believed it would not contain preservatives and/or ingredients which functioned as preservatives, which became part of the basis of the bargain that it would conform to its affirmations and promises.

71. Defendant had a duty to disclose and/or provide non-deceptive promises, descriptions and marketing of the Product.

72. This duty is based on Defendant's outsized role in the market for this type of product, a leading seller of frozen cream-based and other types of pies.

73. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

74. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

75. Defendant received notice and should have been aware of these issues due to complaints by consumers and third-parties, including regulators and competitors, to its main offices and through online forums.

76. The Product did not conform to its affirmations of fact and promises due to

Defendant's actions.

77. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it would not contain preservatives and/or ingredients which functioned as preservatives.

78. The Product was not merchantable because Defendant had reason to know the particular purpose for which they were bought by Plaintiff, because she expected that it would not contain preservatives and/or ingredients which functioned as preservatives, and she relied on its skill and judgment to select or furnish such a suitable product.

Negligent Misrepresentation

79. Defendant had a duty to truthfully represent the Product, which it breached.

80. This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, an industry leader in ready-to-eat ("RTE") pies.

81. The representations and omissions went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first that it has been known for.

82. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

83. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

84. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and

omissions, which served to induce and did induce, her purchase of the Product.

### Fraud

85. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would not contain preservatives and/or ingredients which functioned as preservatives.

### Unjust Enrichment

86. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the classes;
2. Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;
3. Awarding monetary, statutory and/or punitive damages and interest;
4. Awarding costs and expenses, including reasonable attorney and expert fees; and
5. Other and further relief as the Court deems just and proper.

Dated:   December 31, 2022

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

Alexander J. Korolinsky
AJK Legal
1560 Sawgrass Corporate Pkwy Ste 400

Sunrise FL 33323
(877) 448-8404
korolinsky@ajklegal.com